967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Armando GONZALEZ, Jr., Defendant-Appellant.
 No. 91-10311.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1992.*
Decided June 17, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Gonzalez argues the district court abused its discretion in refusing to grant his motion to exclude the first two minutes of a videotape shown at trial. Apparently by mistake, the government had left off the first two minutes of the tape when it gave Gonzalez a copy of the tape pursuant to Federal Rule of Criminal Procedure 16(a)(1)(C).
 
 
 3
 The tape was made after a border patrol agent became suspicious when the same car drove up to the border for the second time in about 20 minutes. The first two minutes showed an unidentifiable individual driving up to the border, getting out of the car, and walking toward the border. Although neither party's description of the tape is clear, the rest of the tape--the portion turned over to Gonzalez--apparently showed the person standing by the car as people came from the Mexican side of the border and loaded the car trunk with packages, and then showed the car driving away.
 
 
 4
 "We need not determine whether there was a Rule 16 violation or whether, if so, there was an abuse of discretion in denying the motion to [preclude] because, even assuming this constituted error, it was harmless." McAllister v. United States, 747 F.2d 1273, 1276-77 (9th Cir.1984). Gonzalez claims that had he had the first two minutes of the tape, he could have analyzed it and presented evidence of the differences in his appearance and that of the individual shown. However, both parties concede that the quality of the tape was poor and the individual shown on it could not be identified. The government did not rely on the tape to prove the person shown was Gonzalez. The tape merely substantiated Agent Mata's version of events: She described seeing a person drive up to the border, get out of the car, walk up to the border, talk to someone on the other side, and walk back to the car. She then testified that she saw people coming from the Mexican side of the border and loading it with packages, and that she then watched the car being driven away. She relayed the information to other agents who stopped the car moments after it left her sight. Gonzalez, the sole occupant, was driving the car; several bundles of marijuana were found in the trunk.
 
 
 5
 Mata's only description of the person she saw was of an individual wearing light over dark clothing; the tape showed no more than that and was no more harmful to Gonzalez than the description. Nothing in the first two minutes of the tape belied Gonzalez's defense that he was not the person standing by the trunk as it was loaded. Any error in refusing to preclude the first two minutes was harmless.
 
 
 6
 Gonzalez also claims the evidence was insufficient to convict because the government failed to introduce into evidence the bundles of marijuana found in the car, or core samples from the packages, and therefore failed to establish an element of the offense of possession with intent to distribute marijuana. Experienced officers testified that the bundles contained marijuana. Such proof is sufficient to establish that fact. See, e.g., United States v. Ferguson, 555 F.2d 1372, 1373 (9th Cir.1977). There was no need to introduce the actual packages. Cf. California v. Trombetta, 467 U.S. 479, 488 (1984) (no need to preserve actual breath samples for trial because the "evidence to be presented at trial was not the breath itself but rather the Intoxilyzer results obtained from the breath samples").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3